Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7397 | **DATE** | 8/25/2003 |
| **CASE TITLE** | Jesus Prieto-Herrera vs. John Ashcroft, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Respondents' Motion for Summary Judgment [7-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons set forth in the attached Memorandum Opinion and Order, respondents' motion for summary judgment is GRANTED [7-1]. All other motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | AUG 26 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| X | Docketing to mail notices. | | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| klb (lc) | courtroom deputy's initials | 03 AUG 25 PM 6:06 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESUS PRIETO-HERRERA, | )<br>) AUG 2 6 2003 |
| Petitioner, | )<br>) |
| | ) No. 02 C 7397 |
| v. | )<br>) HONORABLE DAVID H. COAR |
| JOHN ASHCROFT, United States Attorney General; BRIAN PERRYMAN, District Director, IMMIGRATION AND NATURALIZATION SERVICE, | )<br>)<br>)<br>)<br>) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Jesus Prieto-Herrera, a native and citizen of Cuba, filed a writ of habeas corpus seeking that the Court issue a writ to the respondents to show why the continued detention of the petitioner is not unlawful. Before this court is respondents' motion for summary judgment. For the reasons set forth below, respondents' motion for summary judgment is granted.

I.      Factual Background

Petitioner is a fifty seven year old male, native and citizen of Cuba, who arrived in the United States at Miami, Florida in 1980 on the Mariel boatlift. Petitioner was paroled into this country. He has never been admitted as a lawful permanent resident. Petitioner was taken into respondent INS' custody on February 6, 2002, after he completed his sentences for the convictions of armed robbery and armed violence entered by the Peoria County Circuit Court. Petitioner is subject to a final order of removal/exclusion from the United States, and has been



found to be a non-citizen of the United states, and to be excludable/inadmissible from the United States. The order finding him removable was entered on June 15, 1998 by an immigration judge who considered his immigration case while petitioner was still serving his sentence for his criminal convictions. The judge held that based upon petitioner's admissions to the charges in the Notice to Appear (charging document), and the fact that petitioner made no applications for relief from removal, he was removable as charged, and ordered that he be removed to Cuba upon completion of his criminal sentences. The United States is currently unable to deport, exclude, or remove individuals such as petitioner to his country of origin. Because the petitioner is a native and citizen of Cuba, there is no reasonable likelihood that the respondents can effectuate exclusion/removal in this case in the foreseeable future.

On June 19, 2002, pursuant to federal regulations, a Cuban Review Panel convened in Ullin, Illinois at the Tri-County Jail where petitioner is being housed by the INS. The review was done in compliance with 8 C.F.R. § 212.12 and the Cuban Review Plan. The Cuban Review Plan is a federal regulatory scheme promulgated in 1987 to establish procedures for immigration parole determinations regarding Mariel Cubans. The panel reviewed petitioner's case and interviewed petitioner on that date. After the review was completed, the panel drafted its recommendations regarding petitioner's release. The panel's conclusion overall found that it was unable to conclude that petitioner was not likely to pose a threat to the community, and that his HIV medical condition requires an updated medical evaluation before he should be released. The panel's recommendations were then reviewed by the Associate Commissioner For Enforcement as part of the Cuban Parole Review Plan, United States Department of Justice, Immigration and Naturalization Service, and he concluded that based upon a number of factors, he was unable to

recommend release at this time. As stated in the Final Notice of Parole Denial, dated July 30, 2002, the INS will reconsider his parole status within one year of the date of the notice.

II.     Legal Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact only exists when a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant "can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1183 (7th Cir. 1993).

In considering the motion, all reasonable inferences must be drawn in favor of the non-moving party. See e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Bailor v. Salvation Army, 51 F.3d 678, 681 (7th Cir. 1995). The party opposing the motion may not avoid summary judgment by resting upon the mere allegations of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-movant must present more than a scintilla of evidence to successfully oppose a motion for summary judgment. See Walker v. Shansky, 28 F.3d 666, 671 (7th Cir. 1995).

III.    Discussion

Petitioner brings this action under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus. He alleges that he has been held in custody by the INS in excess of six months past the determination that he should be removed from the United States. Prieto-Herrera claims that the United States is currently unable to deport or remove individuals to his country of origin (Cuba),

and there is no reasonable likelihood that be can be removed in the foreseeable future. Thus, according to the petitioner, his potentially interminable stay in INS custody is a violation of the federal immigration detention statute, 8 U.S.C. § 1231(a)(6). He additionally argues that the detention statute is facially unconstitutional or, alternatively, unconstitutional as applied in this case. Prieto-Herrera asks for issuance of a writ requiring the government to show why his detention is lawful, declaratory relief regarding his detention and the statutes under which his detention began, and an order for his release. Respondent moves for summary judgment based on petitioner's inability to establish a *prima facie* case of unlawful detention by the Attorney General and the INS.

A writ of habeas corpus can be granted to a person who is "in custody under or by color of the authority of the United States ... or ... is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Prieto-Herrera alleges that he has been held in detention by the INS for over six months. Habeas corpus proceedings are an appropriate forum for statutory and constitutional challenges to post- removal period detention by the INS. See Zadvydas v. Davis, 533 U.S. 678, 682, 121 S.Ct. 2491 (2001).

An alien ordered removed, who has not left the country or been removed within ninety days, is subject to supervision by the Attorney General. See 8 U.S.C. § 1231(a)(3). An alien ordered removed, including aliens found inadmissible, may be detained beyond the ninety-day removal period. See 8 U.S.C. § 1231(a)(6). There is no time limit specified in this particular detention statute. Accordingly, the Supreme Court recently found that there is an implicit time limit in post-removal detention under Section 1231(a)(6), and that once removal is no longer reasonably foreseeable, indefinite detention is not permitted. See Zadvydas, 533 U.S. at 699.

-4-

Whether a detention period is reasonably necessary to secure removal, and whether removal is no longer foreseeable, are questions that are appropriately brought before a habeas court. See id.

The petitioner argues that the holding in Zadvydas, that removable aliens may only be detained six months after an order of removal has been issued, extends to all aliens, including inadmissible aliens. In Hoyte-Mesa v. Ashcroft, the Seventh Circuit decided a similar case involving a Mariel Cuban who argued that his indefinite INS detention violated the Supreme Court's holding in Zadvydas. 272 F.3d 989 (7th Cir.2001). The court noted that the Supreme Court in Zadvydas "reaffirmed its decision in Mezei by distinguishing between excludable [inadmissible] aliens and aliens who were admitted to the United States but subsequently ordered removed." Hoyte-Mesa, 272 F.3d at 991. In so doing, the court held that inadmissible aliens, like Hoyte-Mesa and Prieto-Herrera, may be indefinitely detained by the INS following a final order of removal. See id. (citing Zadvydas, 533 U.S. at 682 and Carrera-Valdez v. Perryman, 211 F.3d 1046, 1048 (7th Cir.2000)). Because this Court is bound by Seventh Circuit precedent on this issue, the Court holds that Prieto-Herrera's continued detention by the INS does not violate federal constitutional law or 8 U.S.C. § 1231(a)(6).

Petitioner also argues that his due process rights have been violated. According to petitioner, there are no reasonable administrative or judicial safeguards governing his continued detention. Contrary to petitioner's contention, the Cuban Review Plan provides detailed procedures for the continuing review of Prieto-Herrera's parole status, and he has availed himself of those procedures. The Cuban Review Plan regulations, 8 C.F.R. § 212.12, are "the procedure authorized by Congress," and are sufficient due process "as far as an alien denied entry is concerned." Shaugnessy v. United States ex rel. Mezei, 345 U.S. 206, 212 (1953).

Prieto-Herrera was transferred into INS custody in February of 2002, and his review was conducted in June 2002. On June 19, 2002, a Cuban Review Panel convened in Ullin, Illinois at the Tri-County Jail, where Prieto-Herrera is being detained by the INS. The panel reviewed his case file and conducted a personal interview with the petitioner on that date. Petitioner was served with a copy of the decision to deny his release on October 1, 2002. It is clear from the report that the review considered all aspects of petitioner's case and that the panel actually recommends a thorough medical examination to determine if plaintiff could be released in the future, given his medical history. The review panel has been properly implemented by the respondents in this particular case, and pursuant to those procedures petitioner will have a timely review of his case once again within a year of his last review. Therefore, because petitioner is a Mariel Cuban who was paroled into the United States, and is inadmissible to the United States due to his armed robbery and armed violence convictions, this Court concludes that Prieto-Herrera has received all appropriate due process with respect to his continued INS detention. Accordingly, respondents' motion for summary judgment is granted.

## Conclusion

For the foregoing reasons, respondents' motion for summary judgment is GRANTED.

Enter:

_____
David H. Coar
United States District Judge

Dated: August 25, 2003

-6-